IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MATTHEW CANTERBURY,**

       **Plaintiff,**

v.                                                                    Case No. 3:18-cv-01530

**WESTERN REGIONAL JAIL;
BRITTANY ADKINS;
CAPTAIN ALDRADGE;
ADMINISTRATOR WOOD;
CORPORAL AKERS; and,
SERGEANT DIAMOND,**

       **Defendants.**

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

Plaintiff, Matthew Canterbury, (hereinafter "Plaintiff"), proceeding *pro se* and currently incarcerated at the Huttonsville Correctional Center in Huttonsville, West Virginia, has filed suit pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights that occurred while he was incarcerated at the Western Regional Jail and Correctional Facility ("WRJ") in Barboursville, West Virginia. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Currently pending is Plaintiff's oral request for voluntary dismissal of Defendant, WRJ, Pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants do not object to dismissal of the WRJ.

For the reasons that follow, the undersigned **FINDS** that Plaintiff's oral motion

for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) should be **GRANTED** and Defendant, the WRJ, should be **DISMISSED** and **REMOVED** from the style of the case.

I.   **Relevant History**

On November 26, 2018, Plaintiff filed a complaint alleging Eighth Amendment violations related to an assault he suffered while incarcerated at the WRJ. (ECF No. 2 at 7). In the complaint, Plaintiff asserts that he was assaulted by Correctional Officer Brittany Adkins on September 23, 2018. (*Id.* at 4). Plaintiff states that following the incident, he was punished and placed in administrative segregation where prison staff members directed other inmates to throw feces and urine at Plaintiff. (*Id.* at 4-5). Plaintiff contends that prison staff further violated his rights by improperly holding him in administrative segregation, taking his property, and refusing to give him his glasses in order to prevent Plaintiff from signing a statement regarding the incident with Correctional Officer Adkins. (*Id.* at 5). Plaintiff asks that the WRJ be enjoined to cease permitting staff to act with impunity, that it be ordered to comply with its own policies, and that several individuals involved in Plaintiff's alleged mistreatment be reprimanded or fired. (*Id.*). Plaintiff also seeks monetary damages. (*Id.*). Plaintiff sued the WRJ directly, as well as a number of prison staff, including the Administrator of the WRJ.

On June 26, 2019, the undersigned held a status conference regarding discovery timelines and a pending motion for summary judgment filed by Defendant Adkins. (ECF No. 30). At the hearing, counsel for Defendants inquired if Plaintiff would be willing to voluntary dismiss Defendants Aldrage and the WRJ. Plaintiff indicated that he was not prepared to dismiss Defendant Aldrage due to Plaintiff's uncertainty as to who among the Defendants was responsible for improperly extending his stay in administrative

segregation. However, Plaintiff agreed to voluntarily dismiss the WRJ on the basis that the WRJ is immune from suit in federal court under the Eleventh Amendment to the United States Constitution ("Eleventh Amendment"). Accordingly, Plaintiff orally moved for dismissal of the WRJ.

II.     **Discussion and Recommendations**

As discussed below, the undersigned **FINDS** that the WRJ is not a "person" under § 1983 and enjoys sovereign immunity from suit in this Court. Therefore, Plaintiff's motion is meritorious and should be granted.

*A. The WRJ is not a proper defendant in this action*

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172. In order to state a viable claim under § 1983, a plaintiff must show that: (1) a ***person*** deprived him or her of a federally protected civil right, privilege, or immunity and (2) that the ***person*** did so under color of State law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999) (emphasis added).

In *Will v. Mich. Dept. of State Police,* the Supreme Court of the United States ("Supreme Court") considered "the question whether a State, or an official of the State while acting in his or her official capacity, is a 'person' within the meaning of … § 1983." *Id.*, 491 U.S. 58, 60 (1989). Examining the language and purpose of the statute, the Supreme Court ultimately concluded that Congress did not intend to subject States to liability for deprivations of civil liberties, when such suits would have been barred by the

3

States' sovereign immunity. *Id.* at 66. The holding in *Will* applied not only to lawsuits against the State, itself, but also to suits against "public entities and political subdivisions" that were an "arm or alter ego" of the State. *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (quoting *Moor v. Alameda County,* 411 U.S. 693, 717 (1973)).

The law is well settled that regional jails in West Virginia, such as the WRJ, are arms of the State of West Virginia. *See Hall v. Pszczolkowski,* No. 5:14CV150, 2015 WL 6742107, at *3 (N.D.W. Va. Nov. 4, 2015) (holding that "state detention facilities are 'arms of the state'") (citing *Preval v. Reno*, 203 F.3d 821 (Table), No. 99-6950, 2000 WL 20591, *1 (4th Cir. Jan. 13, 2000) (unpublished per curiam)); *see, also, Kinder v. PrimeCare Med., Inc.,* No. 3:13–31596, 2015 WL 1276748, at *2 (S.D.W. Va. Mar. 19, 2015) (dismissing the WRJ from § 1983 suit on Eleventh Amendment grounds); *Skaggs v. W. Reg'l Jail,* No. 3:13–3293, 2014 WL 66645, at *1, *4 (S.D.W. Va. Jan. 8, 2014) (dismissing the WRJ from § 1983 suit and adopting finding that the WRJ is arm of the State for Eleventh Amendment purposes). Therefore, the undersigned **FINDS** that the WRJ, as an arm of the State, is not a "person" subject to suit under § 1983 and is entitled to dismissal on this ground. *See Roach v. Burch,* 825 F.Supp. 116 (N.D.W. Va. 1993); *also, Will v. Michigan Department of State Police,* 491 U.S. 58, 109 (1989); *Cantley v. Western Regional Jail and Correctional Facility Authority,* 728 F. Supp.2d 803 (S.D.W. Va. 2010) (finding that the West Virginia Regional Jail Authority and Correctional Facility is not a "person" for purposes of a claim for money damages under § 1983.); *Lewis v. Western Reg'l Jail,* No. 3:11–cv–01016, 2012 WL 3670393, at *5 (S.D.W. Va. July 24, 2012) (recognizing that "the WRJ is not a person subject to suit under § 1983"), *report and recommendation adopted by* 2012 WL 3726874 (S.D.W. Va. Aug. 27, 2012); *and Dement*

4

*v. Summers Cnty. Courthouse,* No. 5:13–cv–08899, 2015 WL 461560, at *3 (S.D.W. Va. Feb. 3, 2015) (finding that Southern Regional Jail was not subject to § 1983 suit).

The WRJ is also entitled to dismissal based on the sovereign immunity provided by the Eleventh Amendment, which states in relevant part: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by citizens of other states, the Supreme Court has construed the Amendment to "establish that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)) (markings omitted). The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint*, Case No. 0:10–50–HMH–PJG, 2011 WL 286133, at *2 (D.S.C. Jan. 7, 2011) (citing *Will,* 491 U.S. at 70); *see also Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

Three narrow exceptions to Eleventh Amendment immunity exist. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248-49 (4th Cir.2012). First, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of Ga.,* 535 U.S. 613, 618 (2002). Such a waiver must be express, or in other words, the waiver must be an "unequivocal statement of the state's intention to subject itself to suit

in federal court." *See Regueno*, 2013 WL 1837881, at *3 (quoting *Westinghouse Elec. Corp. v. W. Va. Dept. of Highways*, 845 F.2d 468, 471 (4th Cir.1988)) (markings omitted); *and Price v. W. Virginia Air Nat'l Guard, 130TH Airlift Wing*, No. 2:15-CV-11002, 2016 WL 3094010, at *2-3 (S.D.W. Va. June 1, 2016) (holding that insurance provisions contained in the West Virginia Code provide a limited waiver of the State's sovereign immunity in state courts; however, that waiver does not extend to suits brought against the State in federal court). Historically, the State of West Virginia has not waived its sovereign immunity in this type of suit, and there is no indication that the State would do so now. *See Kinder*, 2015 WL 1276748, at *7; *Skaggs*, 2014 WL 66645, at *5; *Chafin v. W. Reg'l Jail*, No. 3:13-cv-01706, 2013 WL 3716673, at *4 (S.D.W. Va. July 12, 2013); *Thompson v. W. Va. Reg'l Jail/Corr. Auth.*, No. 3:13-1897, 2013 WL 3282931, at *4 (S.D.W. Va. June 27, 2013); *Meadows v. Huttonsville Corr. Ctr.*, 793 F. Supp. 684, 686 (N.D.W. Va. 1992). Consequently, the waiver exception does not apply here.

Second, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73). In *Will*, the Supreme Court concluded that Congress did not have the States in mind as potential defendants when it imposed liability on "persons" under § 1983. 491 U.S. at 65. Noting that ordinary rules of statutory construction required Congress to make any alteration of the "usual constitutional balance between the States and the Federal Government … unmistakably clear in the language of the statute," the Supreme Court observed that had Congress intended to include States as "persons" for the purposes of § 1983, it would have explicitly done so. *Id.* at 65 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985)).

Two years later, the Supreme Court reaffirmed its holding in *Will* and explained that "interpreting the words '[e]very person' to exclude the States accorded with the most natural reading of the law, with its legislative history, and with the rule that Congress must clearly state its intention to alter 'the federal balance' when it seeks to do so." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (quoting *Will*, 491 U.S. at 65). Thus, Congress has not abrogated Eleventh Amendment sovereign immunity in the context of a § 1983 action. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979).

As to the third and final exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123, (1908)); *see also Freeland v. Ballard*, 6 F. Supp.3d 683, 694 (S.D.W. Va. 2014) ("Pursuant to the Eleventh Amendment, a federal court may enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds."). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. at 155-56). The state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.* Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). Because the WRJ is not a state

7

officer, but rather a state entity, the third exception to Eleventh Amendment immunity is likewise inapplicable. *Lee-Thomas*, 666 F.3d at 249 (recognizing that lawsuit must name state official as defendant, not state agency); *Chafin*, 2013 WL 3716673, at *5 (recognizing same); *see also Thomas v. Nakatani*, 309 F.3d 1203, 1208 (9th Cir. 2002) ("*Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction").

In sum, since none of the exceptions apply, the undersigned **FINDS** that the WRJ is shielded by the Eleventh Amendment's sovereign immunity from Plaintiff's § 1983 case and is entitled to dismissal on this ground, as well.

### *B. Plaintiff's request for voluntary dismissal is appropriate*

Fed. R. Civ. P. 41(a)(2) allows the district court to dismiss an action at the plaintiff's request under terms the court deems proper. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). The "prospect of a second lawsuit," alone, does not constitute prejudice sufficient to deny a motion under Rule 41(a)(2). *Vosburgh v. Indemnity Ins. Co. of North America*, 217 F.R.D. 384, 386 (S.D.W. Va. Sep. 12, 2003). Instead, when presented with a request for dismissal under Rule 41(a)(2), the court should consider a number of other factors, including: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.* (citing *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp.2d 989, 991 (E.D. Va. 1998)).

8

In the instant action, the prejudice to the Defendants is minimal, as the case is in its earliest stages. No discovery has been conducted. Plaintiff requested dismissal at the initial status conference after engaging in a discussion regarding the relevant law and the issues raised on a preliminary dispositive motion. Plaintiff provides a sufficient and logical explanation for his decision to dismiss the WRJ as a Defendant; namely, that he is unlikely to ultimately prevail on the merits against this Defendant. As detailed above, Plaintiff is correct in this regard as the law is unequivocally clear that the WRJ would be entitled to dismissal in this action if requested. Moreover, and most importantly, voluntarily dismissal for this Defendant was affirmatively requested by counsel representing all Defendants. Accordingly, no party is prejudiced by a dismissal of the action. "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Gentry v. MCM*, No. CIV.A. 1:12-7695, 2013 WL 622225, at *1 (S.D.W. Va. Jan. 29, 2013) (quoting *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir. 1986)).

Therefore, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** Plaintiff's oral motion for an order of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and **DISMISS** Defendant WRJ, removing said Defendant from the style of the case. The undersigned further **RECOMMENDS** that the other defendants remain as parties in this case pending further resolution of the claims presented.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff and counsel of record.

**FILED:** June 28, 2019

Cheryl A. Eifert
United States Magistrate Judge