# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

MATTHEW CANTERBURY,

    Plaintiff,

v.            CIVIL ACTION NO. 3:18-cv-01530

BRITTANY ADKINS,
CAPTAIN ALDRADGE,
ADMINISTRATOR WOOD,
CORPORAL AKERS, and
SERGEANT DIAMOND

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Matthew Canterbury's "Response to Proposed Findings & Recommendations," which the Court construes as Objections to the Proposed Findings and Recommendation ("PF&R") issued by Magistrate Judge Cheryl A. Eifert on January 9, 2020. *Objections*, ECF No. 38; *PF&R*, ECF No. 37. For the reasons set forth below, the Court **DENIES** Plaintiff's Objections and **ADOPTS AND INCORPORATES HEREIN** the PF&R. Consistent with these decisions, the Court **GRANTS** Defendant Brittany Adkins' Motion for Summary Judgment and **DISMISSESS WITH PREJUDICE** the Complaint against Adkins. *Mot. for Summ. J.*, ECF No. 22; *Compl.*, ECF No. 2.

## I. BACKGROUND

The instant motion turns on a September 28, 2018 altercation between Plaintiff and Brittany Adkins, a corrections officer at the Western Regional Jail ("WRJ"). *See Compl.*, at 4; *Mem. in Support of Mot. for Summ. J.*, ECF No. 23, at 1–2. Plaintiff and Adkins recall the events

surrounding the encounter quite differently. Plaintiff—who is a convicted felon and an inmate at the WRJ—describes an unwarranted assault by Adkins, who had "tried to provoke [him] by calling [him] a 'pussy' and telling [him] she was not scared of [him]." *Compl.*, at 4. He further alleges that "[s]he also continued to tell [him] to hit her back," and that she attempted to assault him again after he "told her [he] d[id] not hit women." *Id.* At this point, he remembers catching "her fist and grabb[ing] her shoulder to keep her from hitting [him] again." *Id.* Adkins contests this version of events, and has submitted a videotape revealing a different story. *See Ex. B*, ECF No. 25. At the highest level of generality—and viewed most charitably to Plaintiff—the security video shows him approaching Adkins in a corner and standing very close to her, gesturing animatedly. *Id.* at 9:58.00. While he is speaking, he moves his hand to strike Adkins and (at a minimum) comes extremely close to hitting her.[1] *Id.* Adkins responds by slapping Plaintiff on the side of the head, though Plaintiff continues speaking with her for approximately twenty seconds after. *Id.* at 9:58.00–9:58.20. Plaintiff eventually walks away, but returns ten seconds later to once again corner Adkins. *Id.* at 9:58.30. After more excited discussion, Plaintiff lunges forward and grabs Adkins' arm. *Id.* at 9:59.49. After a brief struggle, other inmates restrain Plaintiff, more guards arrive, and the video concludes. *Id.* at 10:01.17.

Without attempting to utilize any of the jail's internal grievance processes, Plaintiff initiated the instant action in this Court on November 26, 2018. Proceeding *pro se*, he sought Adkins' firing and "financial compensation for the pain and suffering" he experienced under 42 U.S.C. § 1983. *Id.* at 5. By standing order, Plaintiff's case was referred to Magistrate Judge Eifert for her proposed findings of fact and recommendation. *Standing Order*, ECF No. 3. After

---

[1] The camera's frame ends near Adkins' torso, so it is impossible to say with certainty that he actually made contact with Adkins.

taking Plaintiff's deposition, Adkins filed her motion for summary judgment on May 13, 2019 along with the above-referenced videotape and several other pieces of evidence. Magistrate Judge Eifert entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), altering Plaintiff of his obligation to file a response to Adkins' motion by June 14, 2019. *Order*, ECF No. 24. At a status conference on June 26, 2019, Magistrate Judge Eifert reiterated that Plaintiff would need to file a response to Adkins' motion if he wished to contest its assertions before she ruled. *PF&R*, at 3. She also entered an Order instructing Plaintiff to file any response to Adkins' motion by July 17, 2019. *Order*, ECF No. 31. Despite these warnings, Plaintiff never filed a response. On January 9, 2020, Magistrate Judge Eifert issued the PF&R that is the focus of the pending Objections.

## II. STANDARD OF REVIEW

As Plaintiff is proceeding *pro se*, the Court will liberally construe his filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Within the bounds of this forgiving construction, the Court will conduct a *de novo* review of those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). Conversely, the Court will not conduct a review of factual and legal conclusions to which a party raises no objection. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor will the Court conduct a *de novo* review of "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Of course, none of this limits the Court's wide discretion to "accept, reject, or modify, in whole or

in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). With this framework in mind, the Court turns to a consideration of Plaintiff's Objections.

### III. DISCUSSION

At the outset, the Court registers its difficulty in discerning what—if any—particularized objections Plaintiff has raised; indeed, he uses the majority of his filing to simply reiterate well-worn factual allegations he has relied on since initiating his lawsuit.[2] Nevertheless, the Court identifies three distinct objections: (1) that Plaintiff "did in fact try to file grievances several times," (2) that Plaintiff "cannot make a staff member give or file any grievances," and (3) that he has a right to a jury trial.[3] *Objections*, at 1. The Court considers each objection in turn.

**1. Attempts to File Grievances**

Plaintiff's first objection is that he "did in fact try to file grievances several times and nothing [sic] he filed them by kiosk, and somehow they got deleted." *Id.* This directly contradicts his own prior testimony on at least two occasions. First, Adkins' counsel inquired as to whether

---

[2] For example, he contends that "the defendant M[s]. Adkins did in fact hit him on the left side of his face that lead [sic] to loss of hearing in the plaintiff['s] left ear and the plaintiff stopped M[s]. Adkins from hitting him again by grabbing her arm and hol[d]ing her to the wall." *Objections*, at 1. He also discusses cameras in the WRJ, and argues that he did not know how to file a response to the instant motion. *Id.* These are not cognizable objections so much as factual assertions, and do not lend themselves to this Court's review.

[3] Plaintiff raises two other arguments as well: (1) that the Court should appoint an attorney to represent him in these proceedings, and (2) that Adkins should be "re-installed" as a defendant. *Objections*, at 1. The first contention is not an objection, and indeed does not relate to any particular aspect of the PF&R. The second is simply a general objection seeking reversal of Magistrate Judge Eifert's recommendation that Adkins be dismissed from this lawsuit. Yet a "general objection to the entirety of the magistrate [judge]'s report has the same effect as would a failure to object," and does not warrant *de novo* review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Reviewing Magistrate Judge Eifert's recommendation for clear error—and finding none—the Court will not address this objection in any more depth. *See Demesa v. Colvin*, No. 1:11-0881, 2013 WL 5430173, at *2 (S.D.W. Va. 2013) (noting that "[a]ny portion of the magistrate judge's PF&R that has not been properly objected to is reviewed only for clear error, if at all").

he had "filed any grievances about the altercation with Officer Adkins?" at an April 10, 2019 deposition. *Ex. D*, ECF No. 22-3, at 52. In response, Plaintiff replied that he "just filed this [lawsuit] right here and" that "[i]t would do [him] no good to file a grievance at the Western Regional Jail." *Id.* If this testimony were not enough on its own, he repeated his belief that "it would be a futile endeavor to file a grievance as it was unlikely to receive a response" at the June 26, 2019 status conference in front of Magistrate Judge Eifert. *PF&R*, at 4. Proceedings in front of a magistrate judge are not "a mere dress rehearsa[l]" for proceedings in front of this Court, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988), and Plaintiff is not free to reverse fundamental factual allegations now that his prior version of events has proven fatal to his claims. Aside from Plaintiff's own unsupported and contradictory averments, there is not a scintilla of evidence before this Court suggesting that he ever attempted to file an internal grievance at the WRJ. "The weight of authority . . . counsel[s] the use of discretion by the district court to consider new claims or new evidence not presented to the magistrate" judge, *Dailey v. Berryhill*, No. 3:16-10765, 2017 WL 2691421, at *3 (S.D.W. Va. June 22, 2017), and the Court exercises that discretion here in denying Plaintiff's first objection.

2. **Staff Member Cooperation in Filing Grievances**

Plaintiff's next objection is that this Court must "take into account that the plaintiff cannot make a staff member give or file any grievances and has to have blind faith that the staff will submit or make available grievances to any inmate." *Objections*, at 1. Liberally construed, this appears to be an objection to Magistrate Judge Eifert's conclusion that the grievance process at the WRJ was available for Plaintiff's use. In reviewing Plaintiff's objection, the Court is mindful that an inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). Yet this rule does Plaintiff no favors, as his objection regarding the

availability of the grievance process is directly contradicted by the fact that he submitted a grievance related to an independent matter during his term in administrative segregation and less than one month before initiating this lawsuit.[4] *See Ex. E*, ECF No. 22-4, at 4. With this functional electronic grievance system in mind, it is unclear why Plaintiff's distrust of staff members would have any effect on the availability of grievance procedures. Indeed, even if there were evidence that the electronic grievance system was nonfunctional at the time, Plaintiff's distrust of staff members in administering a paper grievance system is an insufficient basis to conclude that no grievance system was available for his use. The Court accordingly denies Plaintiff's second objection.

3. **Right to a Jury Trial**

Finally, Plaintiff objects to the PF&R on the basis of his right to a jury trial. It is true that the Seventh Amendment of the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. It is similarly true that parties have a right to a jury trial on the merits of their § 1983 claims. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999). Yet these rights do *not* "guarantee resolution by a jury of all factual disputes." *Small v. Camden Cnty.*, 728 F.3d 265, 269 (3d Cir. 2013). Relevant here, "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56, advisory committee notes, 1963 Amendment, Subdivision (e). Simply put, Plaintiff has failed to meet his burden of

---

[4] Perhaps as importantly, he received a prompt response from the WRJ's superintendent the next day denying his request for more dayroom time and explaining exactly why. *Ex. E*, ECF No. 22-4, at 4 ("[Y]ou are on administrative segregation and will only come off when you are not considered a threat to the staff in this Jail.")

demonstrating the existence of any genuine issue of material fact that would preclude summary judgment in this case. Barring such a finding, summary judgment in Adkins' favor is appropriate and a jury trial is not.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Objections, ECF No. 38, and **ADOPTS AND INCORPORATES HEREIN** the PF&R, ECF No. 37. The Court accordingly **GRANTS** Defendant Brittany Adkins' Motion for Summary Judgment, ECF No. 22, and **DISMISSES WITH PREJUDICE** the Complaint solely as raised against her, ECF No. 2.

The Court **DIRECTS** the Clerk to forward copies of this Memorandum Opinion and Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

ENTER: February 25, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE